UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLYN EARL JOHNSON, ) | |
| ) | CIVIL ACTION NO. |
| Petitioner/Defendant, ) | |
| ) | 3:97-CV-1103-G |
| VS. ) | |
| ) | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, ) | |
| ) | 3:95-CR-098(02)-G |
| Respondent/Plaintiff. ) | |

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART THE RECOMMENDATION OF THE UNITED
STATES MAGISTRATE JUDGE AND DENYING
A CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made findings and a recommendation in this case. The petitioner Glyn Earl Johnson ("Johnson") filed objections. The court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made and reviewed the remaining proposed findings and recommendation for plain error. After making an independent review of the record in this case, the court:

1. **DENIES** Johnson's petition for post-conviction relief under 28 U.S.C. § 2255 (docket entry 337);

2. **DENIES** Johnson's Rule 52(b) motion (docket entry 391);

3. **ADOPTS** in part and **DECLINES** to adopt in part the proposed findings and recommendation of the United States Magistrate Judge (docket entry 404);

4. **OVERRULES** Johnson's objections to the proposed findings and recommendation of the United States Magistrate Judge (docket entry 405); and

5. **DENIES** Johnson's motion for leave to file an amended and recast petition under 28 U.S.C. § 2255 (docket entry 406).

## I. BACKGROUND

The motions currently pending before the court are part of an unusual procedural history. In 1995, Johnson pled guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Punishment was assessed at a total of 324 months confinement. His conviction and sentence were affirmed on direct appeal. *United States v. Johnson*, 84 F.3d 433 (tbl.), 1996 WL 248940 (5th Cir. Apr. 10, 1996) (per curiam). On May 7, 1997, Johnson filed a motion for extension of time in which to file a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (docket entry 321). The court referred the motion to a magistrate judge, who recommended that the court deny the motion (docket entry 322). The court did so (docket entries 325 and 326). On July 14, 1997, Johnson filed objections to the findings and recommendations of the

magistrate judge that had previously been accepted by the court (docket entry 331). On October 22, 1997, Johnson filed a pleading entitled, "Motion to File Amended and Recast Petition Pursuant to 28 U.S.C. § 2255 Rule 15(A)" (docket entry 337) (hereinafter, "the October 1997 motion"). The court promptly entered orders denying this motion and denying Johnson's objections to the magistrate judge's findings and recommendations (docket entries 339 and 340). Johnson proceeded to take an appeal (docket entry 342) and to file an application to proceed *in forma pauperis* on appeal (docket entry 343).

On December 8, 1997, the court *sua sponte* entered an order determining that the October 1997 motion "was improvidently denied" and "should have been liberally construed as a motion for post-conviction relief under 28 U.S.C. § 2255 and referred to the magistrate judge for recommendation." Order of Re-Reference (docket entry 347). The court's order vacated its previous order denying the October 1997 motion and referred that motion to the United States Magistrate Judge for findings and a recommendation. *Id.* The magistrate judge made findings and a recommendation (docket entry 348) the very next day, but the findings and recommendation addressed Johnson's application to proceed *in forma pauperis* on appeal, not the October 1997 motion. Indeed, the magistrate judge's findings and recommendation expressly acknowledge that the October 1997 motion remained pending. *See* Findings and Recommendation of the United States Magistrate Judge

(docket entry 348) at 3 n.2. The court adopted the magistrate judge's findings and recommendation and entered a judgment denying Johnson's application for leave to proceed *in forma pauperis* on appeal (docket entries 353 and 354) at the end of December. In light of the court's decision to vacate its order denying the October 1997 motion, Johnson filed a motion to dismiss his appeal without prejudice, which the Fifth Circuit granted in February 1998 (docket entry 356). However, it appears that the magistrate judge never made findings and a recommendation on the October 1997 motion. Thus it is that the October 1997 motion remains pending.

Johnson did not take any action in this case between 1998 and 2009. On October 20, 2009, he filed a motion that was styled as a motion under Rule 52(b) of the Federal Rules of Criminal Procedure (docket entry 391). The court referred the motion to the United States Magistrate Judge (docket entry 403). After finding that Johnson's Rule 52(b) motion should be construed as a petition for post-conviction relief under § 2255, the magistrate judge -- proceeding from the mistaken belief that the October 1997 motion had already been denied -- recommended that the Rule 52(b) motion be denied on the ground that it was a second or successive § 2255 petition that had been filed without the approval of the Court of Appeals. *See* Findings and Recommendation of United States Magistrate Judge (docket entry 404). Johnson filed objections to the magistrate judge's findings and recommendation in which he contended, for the first time, that the court had never ruled on the October

1997 motion. *See* Objections to the Magistrate's Recommendation (docket entry 405) at 1-3. Johnson also filed a motion for leave to file an amended or recast § 2255 petition (docket entry 406).

## II. ANALYSIS

### A. The October 1997 Motion

The court concludes that the October 1997 motion should be denied on the ground that it is barred by limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for federal habeas proceedings. *See* 28 U.S.C. § 2255(f). AEDPA allows a district court to raise the issue of limitations *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). AEDPA's one-year limitations period applies to § 2255 petitions that: (1) were not pending on April 24, 1996, AEDPA's effective date, see *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); and (2) challenge underlying convictions that were not yet final on AEDPA's effective date, see *United States v. Flores*, 135 F.3d 1000, 1004-05 (5th Cir. 1998) (holding that prisoners whose convictions were final at the time of AEDPA's enactment had a one-year grace period to file § 2255 petitions), *cert. denied*, 525 U.S. 1091 (1999).

The one-year limitations period usually begins to run on "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255(f)(1). Where, as here, the party seeking to challenge his sentence under § 2255 did not file a petition

for a writ of certiorari with the Supreme Court as part of his direct appeal, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The time for filing a petition for certiorari expires ninety days after the entry of judgment by the federal court of appeals. *See* SUP. CT. R. 13.1.

Here, the Fifth Circuit entered judgment affirming Johnson's conviction on direct review on April 10, 1996. See *Johnson*, 1996 WL 248940, at *1. Therefore, his conviction became final for AEPA purposes on July 9, 1996, the date on which time expired for him to file a petition for certiorari with the Supreme Court. Johnson's conviction thus became final after AEDPA's effective date, so AEDPA's one-year limitations period applies to the October 1997 motion. Therefore, for the October 1997 motion not to be barred by limitations, Johnson would have had to file it no later than July 8, 1997. But he filed it on October 22, 1997. As a result, the October 1997 motion is barred by AEDPA's statute of limitations unless Johnson can show that he is entitled to equitable tolling.[1]

---

[1] As noted above, Johnson filed a motion for extension of time in which to file his § 2255 petition on May 7, 1997 (hereinafter, "the May 1997 motion"), well within the AEDPA limitations period. Johnson filed the May 1997 motion on Form AO 243, the standardized form issued by the Administrative Office of the United States Courts for the filing of a motion for post-conviction relief under 28 U.S.C. § 2255. The court has a duty to liberally construe the *pro se* filings of a prisoner seeking habeas-corpus relief. See *Mays v. Balkcom*, 631 F.2d 48, 51 (5th Cir.
(continued...)

---

(...continued)
1980). Therefore, the court must consider whether the May 1997 motion -- although styled as a motion for an extension of time -- can be construed as a petition for post-conviction relief under § 2255 and whether the October 1997 motion can be construed as an amendment to that petition. *See generally* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); FED. R. CIV. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading . . . ."); *United States v. Gonzalez*, 592 F.3d 675, 579 (5th Cir. 2009) ("It is well settled that Rule 15 applies to federal habeas proceedings."). If the October 1997 motion was an amendment that relates back to May 7, 1997, then Johnson's claims would not barred by limitations.

The court concludes that the October 1997 motion does not relate back to May 7, 1997. The court draws this conclusion for two reasons. First, the May 1997 motion cannot plausibly be construed as a petition for post-conviction relief under § 2255. See *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988) (explaining that a *pro se* habeas petition must "set forth facts giving rise to the cause of action") (citations and internal quotation marks omitted). Johnson himself has never characterized the May 1997 motion as a petition for post-conviction relief under § 2255. To the contrary -- he has repeatedly referred to it in later filings as a motion for extension of time. *See*, *e.g.*, Motion to File Amended and Recast Petition Pursuant to 28 U.S.C. § 2255 Rule 15(A) (docket entry 337) at 2; Motion to File Amended and Recast Petition Pursuant to 28 U.S.C. § 2255 Rule 15A (docket entry 406) at 2. To read the May 1997 motion as a petition for post-conviction relief under § 2255 would require not a liberal construction of that motion but rather a complete rewriting of its text.

Second, even assuming for the sake of argument that the May 1997 motion is a petition for post-conviction relief under § 2255 *and* that the October 1997 motion was an amendment thereto, the October 1997 amendment does not relate back to May 7, 1997. An amendment to a § 2255 petition that is filed after the expiration of the one-year limitations period relates back only if the proposed amendment "is not seeking 'to add an entirely new claim or new theory of relief.'" *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (quoting *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000)); see also *Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one year time limit) when it asserts a new ground for relief

(continued...)

- 7 -

"'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)). To be entitled to equitable tolling, a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A litigant who has "waited until the last minute" to file a habeas petition cannot show that he has been pursuing his rights diligently. See *Johnson v. Quarterman*, 483 F.3d 278, 288 (5th Cir.), *cert. denied*, 552 U.S. 1064 (2007).

The court concludes that this case does not present the kind of extraordinary circumstances that would entitle Johnson to equitable tolling of the statute of limitations. Johnson alleges that he was delayed in filing his § 2255 petition because

---

(...continued)
supported by facts that differ in both time and type from those the original pleading set forth."). The May 1997 motion asserts no claims or theories of relief and offers no facts that could support any ground for relief under § 2255. It follows that all of the claims and theories of relief articulated in the October 1997 motion are entirely new and that all of the facts alleged in support of those claims and theories differ in both time and type from those set forth in the May 1997 motion. As a result, the court concludes that the May 1997 motion does not prevent the claims asserted in the October 1997 motion from being barred by limitations.

he was transferred between correctional institutions in April and May of 1997 and therefore was without access to his legal materials. *See* Objections to the Magistrate Judge's Order (docket entry 331) at 3-4. Even assuming this allegation is true, Johnson is not entitled to equitable tolling, as Johnson contends that his transfer resulted in a delay of just fourteen days, *id.*, while his motion was filed more than 100 days late. In addition, Johnson's conviction became final on July 9, 1996, yet he did not contact the court in effort to ascertain the deadline by which he was required to file his § 2255 petition until April 9, 1997. *See* Findings and Recommendation of the United States Magistrate Judge (docket entry 322) at 1. Johnson has offered no explanation for the delay in pursuing his rights. Therefore, the court declines to apply equitable tolling in this case and denies the October 1997 motion as barred by limitations.

B. Johnson's Rule 52(b) Motion

The court also denies Johnson's Rule 52(b) motion. In doing so, the court accepts the United States Magistrate Judge's recommendation that Johnson's Rule 52(b) motion be construed as a petition for post-conviction relief under § 2255 and his recommendation that, so construed, the motion be denied. The court also overrules Johnson's objections to the magistrate judge's recommendation. However, the court declines to adopt the recommendation of the United States Magistrate

Judge that Johnson's petition for post-conviction relief under § 2255 be denied as successive. Instead, the motion is denied for the reasons discussed here.

Initially, the court agrees with the magistrate judge that Johnson's Rule 52(b) motion should be construed as a petition for post-conviction relief under § 2255. Johnson's motion purports to seek relief under Rule 52(b) of the Federal Rules of Criminal Procedure to correct what he perceives to be an error in the application of U.S.S.G. § 2D1.1(b)(1), which resulted in a two-level sentence enhancement for possessing a dangerous weapon. However, Johnson has already taken an appeal; he is therefore barred from seeking plain-error review under Rule 52(b). See *United States v. Frady*, 456 U.S. 152, 163 (1982) ("By its terms, recourse may be had to [Rule 52(b)] only on appeal . . . ."). Because Johnson's motion seeks collateral review of errors alleged to have occurred at sentencing, it should be construed as a petition for post-conviction relief under 28 U.S.C. § 2255. Cf. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) ("A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255.").

So construed, Johnson's motion must be denied for three reasons. First, Johnson filed the motion on October 20, 2009. As discussed above, Johnson was required to file a § 2255 petition challenging his conviction in this case no later than July 8, 1997. Therefore, Johnson's motion is barred by limitations. Second, Johnson's motion asserts the same error in applying U.S.S.G. § 2D1.1(b)(1) that was

considered and rejected by the Fifth Circuit in his direct appeal. See *Johnson*, 1996 WL 248940, at *1. It is well-settled that "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." See *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118 (1986). And third, a claim of error in applying the Sentencing Guidelines is not subject to collateral review. See *United States v. Jones*, 329 Fed. Appx. 573, 573 (5th Cir. 2009) (per curiam) (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994)); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Therefore, the court overrules Johnson's objections to the findings and recommendation of the United States Magistrate Judge and accepts (albeit on different grounds than those proposed by the magistrate judge) the recommendation that Johnson's Rule 52(b) motion be denied.

C. The Motion for Leave to Amend

The court also denies Johnson's motion for leave to file an amended and recast § 2255 petition. Although "[t]he court should freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), leave need not be granted when the amendment would be futile, *Federal Deposit Insurance Corporation v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). An amendment that seeks to add a claim that is time-barred is futile. *Id.*; *Gonzalez*, 592 F.3d at 681. Here, Johnson seeks leave to amend

the October 1997 motion, which the court has already concluded is barred by limitations. The court thus denies Johnson's motion for leave to amend as futile.

### III. CONCLUSION

For the reasons discussed above, Johnson's petition for post-conviction relief under § 2255, Rule 52(b) motion, and motion for leave to file amended or recast petition are **DENIED**, the findings and recommendation of the United States Magistrate Judge are **ACCEPTED** in part and **DECLINED** in part, and Johnson's objections to the findings and recommendation are **OVERRULED**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's findings, conclusions and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(continued...)

In the event the petitioner will file a notice of appeal, the court notes that

( )    the petitioner will proceed *in forma pauperis* on appeal.

(**X**)    the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

July 1, 2010.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**

---

²(...continued)
> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

- 13 -